IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRADFORD K. HUEBNER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:04-0759 |
| | ) | JUDGE TRAUGER/KNOWLES |
| | ) | |
| | ) | |
| DONALD TANGWALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Plaintiffs' "Third Motion to Compel and For Sanctions Under F.R.C.P. 37" (Docket No. 75), Plaintiffs' "Fourth Motion to Compel and For Sanctions Under F.R.C.P. 37" (Docket No. 77), and following the entry of an Order on August 17, 2005 (Docket No. 89) which addressed Plaintiffs' Second Motion to Compel and For Sanctions (Docket No. 62). That Order provided in pertinent part as follows:

> Defendant Tangwall is hereby ORDERED to answer Plaintiffs' First Set of Interrogatories and Second Set of Interrogatories within twelve (12) days of the entry of this Order. Defendant Tangwall is further ORDERED to file a copy of his Answers to Plaintiffs' First Set of Interrogatories and Second Set of Interrogatories with the Court within twelve (12) days of the entry of this Order.
>
> Furthermore, Defendant Tangwall is ORDERED to produce the documents responsive to Plaintiffs' "Requests for Production of Documents Under F.R.C.P. 34." Those documents shall be produced at the office of counsel for Plaintiffs, Kenneth T. Ward, 565 South Mason Road, #357, Katy, Texas 77450, within twelve (12) days of the entry of this Order.

> . . .
>
> With regard to the issue of monetary sanctions, Defendant
> Tangwall is hereby ORDERED to pay counsel for Plaintiffs the
> sum of $5,503.46, as requested in the Motion.  Defendant
> Tangwall shall pay this amount to counsel for Plaintiffs within
> twelve (12) days of the entry of this Order.
>
> . . .
>
> Defendant Tangwall is further advised that, if he fails to comply
> with this Order, the undersigned will recommend that a default be
> entered against him pursuant to Fed. R. Civ. P. 37(b)(2)(C).

Docket No. 89, p. 2-3.

Defendant Tangwall has failed to comply with the referenced Order. He has not filed a copy of his Answers to Plaintiffs' First Set of Interrogatories and Second Set of Interrogatories as required by the Order.

Moreover, the Court is advised that Defendant Tangwall did not provide the Interrogatory Answers to counsel for Plaintiffs, nor did he produce the documents, nor did he pay the monetary sanctions, as he was ordered to do.

Plaintiffs' Third Motion to Compel and For Sanctions seeks sanctions for Defendant Tangwall's failure to produce any documents at his Court ordered deposition taken before the undersigned on February 23, 2005, and for "providing answers during the course of the deposition which were evasive, incomplete, and clearly perjurious."  Plaintiffs' Fourth Motion to Compel and For Sanctions seeks sanctions for Defendant's failure to produce documents in his possession as ordered by the undersigned during his deposition taken February 23, 2005.

In considering sanctions under Fed. R. Civ. P. 37, a court should analyze four factors:

> (1)  Whether the party's failure is due to willfulness, bad faith, or
> fault;

2

> (2) Whether the adversary was prejudiced by the . . . party's conduct;
>
> (3) Whether the . . . party was warned that failure to cooperate could lead to [the entry of default]; and
>
> (4) Whether less drastic sanctions were imposed or considered before [the entry of default] was ordered.

*United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

First, the Court concludes that Defendant's failure to comply with the Court's Order, and his continuing failures to comply with discovery requests in this case, are due to willfulness, bad faith, and/or fault. In this regard, the Court notes that Plaintiffs have filed four Motions to Compel in this action as well as a fifth Motion for Sanctions. Judge Trauger previously granted a "Motion to Compel and For Sanctions" (Docket No. 39) with regard to Defendant's Tangwall failure to appear for a deposition on December 9, 2004. Even though Defendant Tangwall denied having received notice of the deposition set for December 9, Judge Trauger made a "credibility call" in favor of Plaintiffs, and she awarded Plaintiffs reasonable attorneys fees in the amount of $2,600.00 and reasonable expenses in the amount of $771.73. Docket No. 58.

During a telephone conference call with Judge Trauger held December 15, 2004, the parties apparently agreed that Defendant Tangwall would present himself for a deposition on January 25, 2005, in Nashville. Docket No. 62, p. 1-2. On January 24, 2005, Defendant Tangwall filed a hand-written "Motion to Quash Discovery Requests Until Bankruptcy Appointed CPA Determines Tax Consequences of the Plaintiffs Actions." Docket No. 51. Judge Trauger denied the Motion to Quash by an Order entered January 26, 2005. Docket No. 54. In the meantime, however, Defendant Tangwall failed to appear for his deposition scheduled

3

for January 25.[1]

On February 7, 2005, the undersigned entered an Order setting the deposition of Defendant Tangwall for February 23, 2005, in the undersigned's courtroom in Nashville. Docket No. 64. That Order advised Defendant of the sanctions provisions of Fed. R. Civ. P. 37(b)(2) and warned Defendant that if he failed to appear the undersigned would recommend that a default judgment be entered against him pursuant to Fed. R. Civ. P. 37(b)(2)(C). Docket No. 64, p. 3). That Order also noted that Defendant Tangwall apparently had twice failed to appear for properly-noticed depositions.

Defendant Tangwall appeared on February 23, 2005, before the undersigned for his deposition. At the outset of the deposition, however, Plaintiffs' counsel noted that Defendant Tangwall had not "brought any documents with him whatsoever." Docket No. 75, Deposition Transcript, p. 14. Plaintiff's counsel stated that, after he had received the undersigned's Order setting Defendant Tangwall's deposition for February 23, 2005, he had served a subpoena duces tecum on Defendant Tangwall. *Id.*, p. 15. Plaintiffs' counsel stated that the subpoena duces tecum was identical to the two previous subpoenas duces tecum, which were ignored, and to the requests for production, to which Defendant Tangwall had failed to respond. Defendant admitted, "I didn't bring any documents. That's correct, Your Honor." *Id.,* p. 19.

During the deposition, in the opinion of the undersigned, Defendant Tangwall was willfully evasive and willfully testified falsely. Plaintiffs have cited several instances of Defendant's evasive and false answers during the deposition in Plaintiffs' "Third Motion to

---

[1] Defendant Tangwall's failure to appear for his deposition scheduled for January 25, 2005, was one of the bases of Plaintiffs' "Second Motion to Compel and For Sanctions Under Fed. R. Civ. P. 37." Docket No. 62.

4

Compel and For Sanctions Under F.R.C.P. 37." Docket No. 75, p. 7-13.

For example, Defendant testified "I have no relationship to Trickle Down Trucking." Docket No. 75, Ex. A, p. 35. He later testified, however, that he was the President of the general partner of Trickle Down Trucking and that he was a signatory on a checking account, which he maintained, for Trickle Down Trucking. *Id*., p. 37, 88-89.

Defendant further gave the following testimony:

> Q. [BY MR. WARD] Does Tracy Colvin maintain your bank statements?
> A. Tracy who?
> Q. Colvin.
> A. I don't know Tracy Colvin.
> Q. What is Cheryl Murray's daughter's name?
> A. Stephanie Murray.

*Id*., p. 54.

He later testified, however, that Tracy Colvin was the daughter of his former girlfriend, Cheryl Murray, who is a co-defendant in this action. *Id*., p. 82, 140-42.

Defendant further testified that he then-currently resided in his "motor home" that was parked in a parking lot at 1220 S. Highway 385, Chadron, Nebraska. *Id.*, p. 24. He was asked "Well, what's the building associated with that address?" and he replied "That's it. It's a parking lot." *Id.,* p. 24-25. He later testified, however, "Well, I know that Trickle Down Trucking is located at 1220 S. Highway 385, Chadron, Nebraska." *Id*., p. 31.

He also testified that he had received a check in the amount of $517,000 in April 2004 that was made out to John Bell Hood Limited Partnership for the sale of some property on I-65. *Id.,* p. 59-61. He was President of the general partner of that Limited Partnership. He deposited this $517,000 into the Limited Partnership's bank account at American Fidelity Bank in

5

Maryville, Tennessee. *Id.*, p. 60. Out of that amount, he paid himself a Trustee fee of $515,000, which he deposited into his account at Alcoa Federal Credit Union. *Id.*, p. 61-62, 78-79. He later, however, gave the following testimony:

> Q. [BY MR. WARD] Well, I thought you stated you put $515,000 in Alcoa Federal Credit Union, and then spent it in four months on things you don't remember?
>
> A. No.

*Id.,* p. 76.

Based upon the undersigned's observations of Defendant Tangwall at the deposition, it is clear that the contradictory testimony given by Defendant Tangwall was not a result of poor memory, misunderstanding the question, or any other legitimate reason. The undersigned concludes that Defendant willfully gave false testimony and attempted to avoid truthfully answering questions posed by Plaintiffs' counsel.

Additionally, Defendant Tangwall identified a number of documents during the deposition that he stated were stored in his motor home in Chadron, Nebraska, and he agreed to produce those documents for Plaintiffs. *Id*. at 75, 81-87. With reference to these documents, the deposition transcript states as follows:

> THE COURT: And what strikes me that is appropriate – at this point Mr. Tangwall has said that he does have certain documents, and do you object to producing those documents?
>
> THE WITNESS: No, Your Honor.
>
> THE COURT: Why don't we get him to produce what he's got, and what he's said he's got.
>
> . . .
>
> THE COURT: Let me tell you what I'm thinking about. Just so

> that everybody will know what we've done here today, I think it's best if we have the deposition transcript, if everybody has a deposition transcript. If I have one, so that I can put it in the file –
>
> MR. WARD: Sure.
>
> THE COURT: And say, Judge Trauger, here's what happened and here's what I ruled and here's why. If Mr. Tangwall can have a copy of it so that he will know what he has said that he's got and what he's agreed to produce.

*Id.,* p. 162, 171.

Following that discussion, the Court directed Plaintiffs' counsel to send Mr. Tangwall a copy of the deposition by March 4, and directed Mr. Tangwall to produce the documents to Plaintiffs' counsel on or before March 15. *Id.* at 173-74.

Defendant argues that his obligation to produce the documents was conditioned upon Plaintiffs' counsel's sending him a copy of the deposition transcript. Docket No. 80. He claims that Plaintiffs' counsel failed to send him the transcript, and, therefore, that he was not required to produce the documents. Plaintiffs' counsel, however, had submitted an e-mail copy of the deposition transcript that was forwarded to Defendant Tangwall by Plaintiffs' counsel, with a cover sheet, dated March 4, 2005, Docket No. 85, p. 1.

Incredibly, Defendant Tangwall also argues that he only agreed to produce "two sets of documents" during his deposition, that he examined those documents after his deposition and "now invokes his rights under the 4th and 5th Amendments of the United States Constitution as to self-incrimination." Docket No. 80, p. 1-2. As the deposition transcript shows, however, Mr. Tangwall agreed to produce at least three sets of documents: The Saratoga Trust Agreement (Docket No. 75, Ex. A, p. 75), all corporate books, minutes and by-laws of Group Headquarters, Inc. (*Id.,* p. 82-83), all written communications by and between Defendant Tangwall and

7

Plaintiff Bradford Huebner (*Id*., p. 84). He also argues that Plaintiffs' counsel had informed the Court that he would be filing a Motion for Production of Documents and For Sanctions, that Plaintiffs' counsel had failed to do so, and that "Plaintiff [has not] asked for an Order from the Court requiring the Defendant Tangwall to produce documents." *Id*., p. 2. These arguments are simply ludicrous.

In sum, the Court has no doubt whatsoever that Defendant Tangwall's failure to comply with the referenced Order, and his repeated failures to cooperate with the discovery process in this case, were due to willfulness, bad faith, or fault.

Second, Plaintiffs have been prejudiced by Defendant's conduct. This case is set for trial October 4, 2005, and a final Pretrial Conference is set for September 23, 2005. Plaintiffs have been attempting to get the Interrogatory Responses and to have the documents produced since December, 2004.

Third, Mr. Tangwall has been warned on at least two occasions that his failure to cooperate in discovery could lead to a default being entered against him. The Order discussed above specifically advised Mr. Tangwall that, if he did not comply with the Order "the undersigned will recommend that a default be entered against him pursuant to Fed. R. Civ. P. 37(b)(2)(C)." Docket No. 89, p. 3.

Finally, less drastic sanctions were imposed or considered before the default was considered. As discussed above, Judge Trauger has previously awarded attorneys fees and expenses against Defendant. Additionally, in the referenced Order, the undersigned gave Defendant one last chance to provide the discovery. He completely failed to do so, and he has not sought any extensions of time in which to comply with the Court's Order.

8

For the foregoing reasons, the undersigned recommends Plaintiffs' "Third Motion to Compel and For Sanctions Under F.R.C.P. 37" (Docket No. 75) and Plaintiffs' "Fourth Motion to Compel and For Sanctions Under F.R.C.P. 37" (Docket No. 77) be granted to the extent that a default be entered against Defendant Donald Tangwall. Additionally, a default should be granted against Defendant Donald Tangwall for his failure to comply with this Court's Order entered August 17, 2005 (Docket No. 89), pursuant to Fed. R. Civ. P. 37(b)(2)(C). The "Third Motion to Compel and For Sanctions Under F.R.C.P. 37" and the "Fourth Motion to Compel and For Sanctions Under F.R.C.P. 37" should be DENIED AS MOOT to the extent that they seek an Order compelling Defendant Tangwall to answer Interrogatories or produce documents. Finally, the "Third Motion to Compel and For Sanctions Under F.R.C.P. 37" should be GRANTED to the extent that it seeks sanctions in the amount of $6,622.32, and the "Fourth Motion to Compel and For Sanctions Under F.R.C.P. 37" should be GRANTED to the extent that it seeks sanctions of $750. Defendant Tangwall should further be ordered to pay these monetary sanctions within thirty (30) days of the entry of Judge Trauger's Order approving this Report and Recommendation.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. Clifton Knowles
United States Magistrate Judge