IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRADFORD K. HUEBNER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO. 3:04-0759 |
| ) | JUDGE TRAUGER/KNOWLES |
| ) | |
| DONALD TANGWALL, et al., ) | |
| ) | |
| Defendants. ) | |

### ADDENDUM TO REPORT AND RECOMMENDATION
### ENTERED SEPTEMBER 1, 2005

On September 1, 2005, the undersigned submitted a Report and Recommendation recommending that a default be entered against Defendant Donald A. Tangwall. Docket No. 98.

It has come to the undersigned's attention that, on August 31, 2005, Defendant Tangwall filed four (4) documents in this action: (1) "Defendant's Response Request [*sic*] for Production of Documents Submitted December 15, 2004" (Docket No. 94); (2) "Defendant's Response Request [*sic*] for Production of Documents Submitted December 15, 2004" [*sic*][1] (Docket No. 95); (3) "Defendant Tangwall's Answers to First Set of Interrogatories" (Docket No. 96); and (4) "Defendant Tangwall's Answers to Second Set of Interrogatories" (Docket No. 97).

Each of these documents is signed "Donald A. Tangwall (with permission)." There is no indication as to who signed the documents on behalf of Mr. Tangwall, and there is no indication

---

[1] Despite the title of this document, it is apparently intended to be a Response to Plaintiffs' Second Request for Production of Documents that was submitted on January 18, 2005.

that whoever signed the documents on behalf of Mr. Tangwall had any authority to act on his behalf, except for the bare statement "with permission."

Fed. R. Civ. P. 11(a) provides in pertinent part as follows:

> **(a) Signature.** Every pleading, written motion, and other papers shall be signed by at least one attorney of record in the attorney's individual name, or, *if the party is not represented by an attorney, shall be signed by the party*. . . . An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

(Emphasis added).

Because Defendant Tangwall is proceeding pro se, and because there is no indication that Mr. Tangwall himself signed these documents, or that the person who signed on his behalf had any authority to do so, these documents should be stricken, unless Mr. Tangwall submits signed copies within twelve (12) days of the entry of this Addendum.

Even considering the documents, however, they are at best an untimely attempt to raise completely frivolous objections to Interrogatories and Requests for Production of Documents that have been pending for more than eight (8) months. Moreover, the undersigned entered an Order August 17, 2005, requiring Defendant Tangwall to answer both sets of the Interrogatories and to produce the documents requested in both Requests for Production within twelve (12) days of the entry of that Order. Docket No. 89. That Order specifically stated:

> The Court notes that Defendant Tangwall has waived any possible objections he might have to answering the referenced interrogatories and producing the requested documents by his complete and utter failure to respond or object in a timely fashion. Fed. R. Civ. P. 33(b)(4); *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468 (9th Cir. 1992).

*Id.,* p. 3.

2

These four (4) latest filings by Defendant Tangwall attempt to raise objections to Plaintiffs' Interrogatories and Requests for Production of Documents on Fifth Amendment grounds. The Responses to the Requests for Production of Documents both state in pertinent part as follows:

> After Tangwall learned that criminal investigations against him involved not only unauthorized practice of law but also (as stated on page 3, paragraph 10 of Plaintiff's Third Motion to Compel), Tangwall is being investigated for forgery on title transfer documents and theft of $517,000.00, Tangwall therefore invokes his Fifth Amendment Right to Self Incrimination and will respond to Requests for Production of Documents . . . by invoking the Fifth Amendment Right to Self Incrimination.

Docket Nos. 94-95.[2]

To the extent that Defendant seeks to imply that he learned of "criminal investigations" against him from paragraph 10 of Plaintiffs' Third Motion to Compel (Docket No. 75), that simply cannot be true. While paragraph 10 of Plaintiff's Third Motion to Compel refers to Defendant's "forgery on title transfer documents effectuating [a sale of property], and [Defendant's] theft of $517,00.00" this paragraph says nothing about a criminal investigation of Defendant Tangwall, and his attempted invocation of his Fifth Amendment Right against self incrimination is completely frivolous.

The Responses to the First and Second Set of Interrogatories both state in pertinent part as follows:

---

[2] The quoted language is identical in Docket Nos. 94 and 95, except that Docket No. 94 invokes the Fifth Amendment with regard to Responses to Requests for Production of Documents 1-26 in Plaintiffs' Request for Production of Documents, and Docket No. 95 invokes the Fifth Amendment with regard to Responses to Requests for Production of Documents 1-4 in Plaintiffs' Second Request for Production of Documents.

3

> 2. Plaintiff's [*sic*] Third Motion to Compel and For Sanctions filed with this Court on March 12, 2005, clearly shows the Plaintiffs have included forgery of title transfer documents and theft of $517,000.00 as charges against Defendant Tangwall, (see paragraph 10, Page 3), including the unauthorized practice of law which was submitted to the Tennessee Attorney General for prosecution.
>
> 3. The Defendant hereby invokes his rights under the Fifth Amendment to Self Incrimination and at this point answers Interrogatories . . . by invoking his Fifth Amendment Rights.

Docket Nos. 96, 97.[3]

In the Interrogatory Responses, Defendant does not even mention the possibility of criminal charges as a result of these allegations. He cannot, therefore, possibly raise a Fifth Amendment objection.

Furthermore, even assuming that Defendant had learned something relevant from Plaintiff's Third Motion to Compel and For Sanctions, that Motion was filed March 12, 2005. Docket No. 75. Defendant makes no attempt to explain why he waited more than five (5) months to raise this objection, particularly after the Court's Order entered August 17, 2005, noting that he had waived any possible objections he might have to answering the Interrogatories and producing the requested documents.

For the foregoing reasons, Defendant's recent filings (Docket Nos. 94, 95, 96, 97) do not change the undersigned's Report and Recommendation submitted September 1, 2005.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this

---

[3] The quoted language is identical in Docket Nos. 96 and 97, except that Docket No. 96 invokes the Fifth Amendment with regard to Plaintiffs' First Set of Interrogatories, and Docket No. 97 invokes the Fifth Amendment with regard to Plaintiffs' Second Set of Interrogatories.

Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                             E. Clifton Knowles
                                             United States Magistrate Judge