# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

BRADFORD L. HUEBNER, *et al.*  )
)
)
v.   )   Civil No. 3:04-0759
)   Judge Trauger
DONALD A. TANGWALL, *et al.*   )   Magistrate Judge Knowles
)

## MEMORANDUM and ORDER

On August 17, 2005, the Magistrate Judge issued a Report and Recommendation, recommending that the Motion to Dismiss filed by defendant Tangwall (Docket No. 69) be denied. (Docket No. 88) Defendant Tangwall has filed an Objection (Docket No. 101) and Brief (Docket No. 102).[1]

These two documents ought to be stricken pursuant to Rule 11(a), FED. R. CIV. P., in that the *pro se* defendant, Donald Tangwall, has not signed them. His signature has been executed by some other unidentified person who has placed the notation "(with permission)" after the signature. On September 2, 2005, in an Addendum to Report and Recommendation, the Magistrate Judge called to the attention of defendant Tangwall the inappropriateness of these sorts of signatures and gave him until September 14, 2005 within which to submit documents appropriately signed by him personally. (Docket No. 100) He has not done so. Despite the fact that the Magistrate Judge's reference was not to the particular submittals at issue here (Docket Nos. 101, 102), defendant Tangwall is now aware that these documents violate the FEDERAL

---

[1] These documents were filed on September 6, 2005 and, therefore, are untimely. However, because the Clerk's Office is unable to substantiate the mailing of the Report and Recommendation on August 17, 2005, the court will treat these documents as timely filed.

1

RULES OF CIVIL PROCEDURE, and he should have filed corrected documents signed by him personally. The court, nevertheless, will rule on defendant Tangwall's Objection on its merits. He is, however, forewarned that any other documents submitted by him signed in this fashion and in violation of Rule 11(a), FED. R. CIV. P., will be stricken by this court, without further notice to him nor an opportunity to submit corrected documents.

Defendant Tangwall's Objection to the Report and Recommendation focuses on his assertion that he is not a citizen of the State of Tennessee and, therefore, diversity of citizenship under 28 U.S.C. § 1332(a) does not exist. He concedes that his mailing address is 576 Foothills Plaza Drive, Box #198, Maryville, TN 37801, but he maintains that this is a mailbox service center, not a home, and that he has never maintained a residence in the State of Tennessee nor had the intent to do so. (Docket No. 101) He also concedes that he maintains a bank account in Alcoa, Tennessee. (*Id.*) Importantly, in these filings and throughout this litigation, so far as this Judge knows, Mr. Tangwall has never revealed where he is domiciled, if not in Tennessee.

The Magistrate Judge details all of the evidence in the record supporting the conclusion that Mr. Tangwall is domiciled in the State of Tennessee, including the fact that, throughout this litigation, which has been pending for over one year, Mr. Tangwall's address has been the Foothills Plaza Drive address set out above, which in his deposition he stated he has maintained since the year 2000. He also admitted in his deposition that the checking account at the Alcoa Federal Credit Union in Alcoa, Tennessee has been maintained since 2001.

Although in his Motion to Dismiss, defendant Tangwall questions the domicile of various of the plaintiffs, he does not allege that his domicile is in any of the states where the plaintiffs are alleged to be domiciled. Therefore, so long as Mr. Tangwall is not domiciled in any of the states

2

where any of the plaintiffs is domiciled, there exists diversity of citizenship, whether or not defendant Tangwall's domicile is the State of Tennessee.

Defendant Huebner no doubt has his own reasons for refusing to declare the state of his citizenship or domicile, just as he apparently has his own reasons for not signing his own submittals to the court. Suffice it to say that the Magistrate Judge's reasoning and conclusions are not clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Rule 72(a), FED. R. CIV. P. Therefore defendant Tangwall's Objection is **OVERRULED**. The Report and Recommendation (Docket No. 88) is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein and herein, defendant Tangwall's Motion to Dismiss (Docket No. 69) is **DENIED**.

It is so **ORDERED.**

Enter this 15th day of September 2005.

_____
ALETA A. TRAUGER
United States District Judge