IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRADFORD L. HUEBNER, *et al.*    )
                                  )
                                  )
v.                                )    Civil No. 3:04-0759
                                  )    Judge Trauger
DONALD A. TANGWALL, *et al*.      )    Magistrate Judge Knowles
                                  )

**MEMORANDUM and ORDER**

On September 1, 2005, the Magistrate Judge issued a Report and Recommendation, recommending that certain sanction motions against defendant Tangwall be granted, that a default be entered against defendant Tangwall, and that certain monetary sanctions be imposed. (Docket No. 98)  On September 2, 2005, the Magistrate Judge issued an Addendum to that Report and Recommendation, stating that certain recent filings by defendant Tangwall (Docket Nos. 94-97) did not change his original ruling and providing that Docket Nos. 94-97 would be stricken unless defendant Tangwall submitted signed copies of those documents "within twelve (12) days of the entry of this Addendum."  (Docket No. 100 at 2)  Defendant Tangwall has submitted a timely Objection to the Addendum to Report and Recommendation (Docket No. 112) and untimely signature pages of Docket Nos. 94, 96 and 97 in response to the Addendum. Because these signed documents (with the exception of Docket No. 95, which was never re-submitted) were filed seven days late,[1] they will not be considered by the court.  It is therefore

---

[1] Twelve days from September 2, 2005 would be September 14, 2005, not September 21, 2005, the date they were filed.

1

**ORDERED** that Docket Nos. 94-97 are **STRICKEN** for the reasons expressed in the Addendum to the Report and Recommendation (Docket No. 100), which are incorporated herein by reference.

Because the Report and Recommendation recommended the entry of default against defendant Tangwall, the court will treat the Magistrate Judge's ruling as a dispositive matter and make a *de novo* determination as to any portion of that ruling to which defendant Tangwall has filed a specific objection. Rule 72(b), FED. R. CIV. P.; 28 U.S.C. § 636(b)(1)(C).

The thrust of defendant Tangwall's objection is that he made it very clear at his deposition, taken in the presence of Magistrate Judge Knowles, that he needed to take the depositions of the plaintiffs before producing any documents in this case. He asserts that the transcript supports his view. He is in error in that assertion, however, as the transcript makes very clear that the Magistrate Judge was deferring a ruling on defendant Tangwall's request to take depositions to the district court judge. That request had nothing to do with the fact that the transcript clearly shows that defendant Tangwall was to produce certain records to the plaintiffs by March 15, 2005. Plaintiffs' counsel was to furnish a copy of the deposition transcript to defendant Tangwall,[2] and Mr. Tangwall was to use that transcript in order to determine the documents he was to produce by March 15, 2005. (Docket No. 75, Ex. A at 171-179) His assertion that he has "been waiting" for a ruling about the plaintiffs' depositions before producing the documents referenced at the deposition is totally disingenuous.

---

[2]The Magistrate Judge rejected defendant Tangwall's assertion that the deposition was not furnished to him (Docket No. 98 at 7), and Tangwall has not objected to that finding.

This is the only objection made by defendant Tangwall to the Report and Recommendation (Docket No. 98) and the Addendum thereto (Docket No. 100). This objection is **OVERRULED**. The Magistrate Judge's recommendation is fully supported by the record in this case. The standard is high for granting a default as a discovery sanction, but the standard is more than exceeded in this case. The Magistrate Judge, who was present at Mr. Tangwall's deposition, made devastating credibility determinations about Mr. Tangwall's testimony and found his failure to comply with discovery orders willful and in bad faith. Moreover, his finding of prejudice to the plaintiffs arising from defendant Tangwall's failure to provide discovery has been compounded by the fact that the plaintiffs have now lost their trial date of October 4, 2005, which was set nearly one year ago (Docket No. 35).

The Report and Recommendation (Docket No. 98) and Addendum thereto (Docket No. 100) are **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, the following are hereby **ORDERED**:

1. The plaintiffs' Third Motion to Compel And For Sanctions Under FRCP 37 (Docket No. 75) is **GRANTED**, and sanctions in the amount of $6,622.32 are awarded against defendant Tangwall.

2. Plaintiffs' Fourth Motion to Compel And For Sanctions Under FRCP 37 (Docket No. 77) is **GRANTED**, and sanctions in the amount of $750.00 are awarded against defendant Tangwall.

3. It is hereby **ORDERED** that defendant Tangwall shall pay the monetary sanctions awarded herein within thirty (30) days of the entry of this Order.

4. The requests contained within the Third Motion and Fourth Motion, to compel defendant Tangwall to answer interrogatories and produce documents, are **DENIED AS MOOT**.

5. A default is entered against defendant Tangwall as a discovery sanction under Rule 37(b)(2)(C).

6. Defendant Tangwall's Motion for More Definite Statement and Motion for the Court to Set Depositions of the Plaintiffs (Docket No. 113) is **DENIED AS MOOT**.

This case is **REFERRED** back to the Magistrate Judge for the computation of damages to be entered as part of the default judgment.

It is so **ORDERED.**

Enter this 6th day of October 2005.

_____
ALETA A. TRAUGER
United States District Judge