IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRADFORD L. HUEBNER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CASE NO. 3:04-0759 |
| | ) JUDGE TRAUGER/KNOWLES |
| | ) |
| DONALD A. TANGWALL, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Plaintiffs' "Motion for Contempt Against Donald Tangwall." Docket No. 118-1. The Motion seeks an Order requiring Defendant Tangwall to appear and show cause why he should not be held in "civil and criminal contempt." The basis for the Motion is that this Court entered a Temporary Restraining Order in this case on August 25, 2004, which enjoined Defendant Tangwall from, *inter alia*, the following acts:

> (A) Spending, secreting, transferring, or in any other way alienating the proceeds of the sale of Plaintiffs' property located on Interstate 65 in Tennessee.
>
> (B) Transferring, selling, assigning, secreting, or in any other way disposing of the assets of the Saratoga Trust or Group Headquarters, Inc.

Docket No. 5, p. 2. The TRO became effective upon Plaintiffs' filing of a bond in the amount of $1,000, which occurred on August 27, 2004. Docket No. 12.

The Motion avers that Defendant Tangwall, being aware of the TRO, violated the TRO

by spending $81,247.99 from an account at the Alcoa Federal Credit Union (Account No. 157759) which funds represented the proceeds from the sale of Plaintiffs' property located on Interstate 65 in Tennessee. Plaintiffs submitted an "Exhibit A" to the Motion, which the Motion identifies as "a true and correct copy of Tangwall's bank records from Alcoa Federal Credit Union." Plaintiffs aver that Exhibit A "document[s] more than 200 acts of contempt in the form of wire transfers, checks written, and fund withdrawals in violation of the Injunction." Docket No. 118-1, p. 2. The Motion also seeks an award of attorney's fees in the amount of $5,000. Additionally, the Motion requests that Defendant Tangwall "be jailed until such time as all funds transferred in violation of this Court's Order be restored." Docket No. 118-1, p. 2.

On November 30, 2005, Judge Trauger entered an Order referring the instant Motion to the undersigned "pursuant to 29 U.S.C. § 636(b)(1)(A) and (B) and Rule 72(b) Fed. R. Civ. P." Docket No. 120.

On January 10, 2006, the undersigned entered an Order setting a Show Cause hearing requiring Defendant Tangwall to appear on January 25, 2006, and show cause why he should not be found in contempt for the reasons stated in Plaintiffs' Motion. Docket No. 123. Despite the Court's Order, Defendant Tangwall did not appear at the January 25 hearing. At the hearing, however, the undersigned noted that Plaintiffs had not submitted a Memorandum of Law in support of the instant Motion, as required by what was then Local Rule 8(b)(2).[1] Docket No. 125. The undersigned granted Plaintiffs fourteen (14) days "from the date of entry of this Order" in which to file a Memorandum in support of the instant Motion. *Id.* That Order was entered

---

[1] Effective June 1, 2006, the Local Rules of this Court were renumbered. The Rule discussed is now designated as Local Rule 7.01(a).

2

January 27, 2006.

More than three months later, on May 2, 2006, Plaintiffs filed a "Brief in Support of Holding Donald Tangwall in Contempt of Court." In that Brief, Plaintiffs seek an "Order holding Tangwall in contempt and ordering his imprisonment until he purges himself by restoring the $81,266.30 which he diverted in violation of this Court's injunction."[2] Docket No. 129, p. 3.

Defendant Tangwall has filed a "Response to Motion for Contempt and Motion to Quash Bank Records Obtained Unlawfully in Violation of Defendants [*sic*] Privacy Rights." Docket No. 121. Defendant Tangwall argues that Plaintiffs were not the owners of the proceeds of the I-65 property, that the proceeds were the property of John Bell Hood Limited Partnership, that John Bell Hood Limited Partnership is not a party to this action, and that Plaintiffs "lack standing to object to the disposition of the proceeds of the I-65 Property." *Id.* Additionally, Defendant Tangwall argues that the bank records filed in support of the Motion were obtained unlawfully without his knowledge and that he would have objected had he been aware of a request or subpoena for the bank records. Thus, as part of his response to the instant Motion,

---

[2] Plaintiffs' Motion avers that, at the time of entry of the TRO, the balance in the account was $81,266.30. The Motion states that, between August 25, 2004, and January 28, 2005, Defendant Tangwall spent $81,247.99, leaving a balance in the account of $18.31. Docket No. 118-1, p. 2. Plaintiffs' Brief, however, states that, at the time the TRO was issued, the account at issue had a balance of $81,266.30, and that Defendant Tangwall spent "all of the remaining proceeds" in the account. Docket No. 129, p. 1-2

Additionally, the Brief refers to the fact that the TRO was issued with "Tangwall physically present in the courtroom . . . ." Docket No. 129, p. 1. As discussed above, however, the TRO, which was entered August 25, 2004, was conditioned upon Plaintiffs' filing a bond, which did not occur until August 27, 2004.

3

Defendant Tangwall seeks to have the Court "quash all bank record evidence . . . ."[3] Docket No. 121, p. 2.

The contempt authority of United States Magistrate Judges is set forth in 28 U.S.C. § 636(e). Section 636(e)(1) states in pertinent part:

> A United States magistrate judge serving under this chapter shall have within the territory of jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection.

The only provision of subsection 636(e) applicable to this case is subsection (6) which provides in pertinent part as follows:

> **Certification of other contempts to the district court.** – Upon the commission of any such act –
>
> . . .
>
> (B) In any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where –
>
> . . .
>
> (ii) The act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or
>
> (iii) the act constitutes a civil contempt,
>
> The magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an Order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

For the reasons set forth below, upon the record as it currently exists, the undersigned is

---

[3] That Motion will be addressed in a separate Order.

4

unable to conclude that any acts that are the subject of the instant Motion constitute either a criminal contempt or a civil contempt.  Therefore, the undersigned is unable to certify any facts supporting a finding of civil or criminal contempt under § 636(e)(6)(B).

Initially, the Court notes that the "bank records" Exhibit is not properly authenticated.  In order to establish another party's contempt, the moving party generally must prove by clear and convincing evidence that the party violated a definite and specific prior Order of the Court requiring him to perform or refrain from performing a particular act or acts, with knowledge of that prior Order.  *Elec. Workers Pension Tr. Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003).  In the opinion of the undersigned, the unauthenticated Exhibit A is insufficient to meet Plaintiffs' burden of showing "clear and convincing evidence."

Moreover, Plaintiffs' supporting Brief fails to establish an appropriate legal basis for an Order of contempt against Defendant Tangwall.  As discussed above, the Motion seeks an Order holding Defendant Tangwall in both civil and criminal contempt.  The Brief, however, does not address the difference between civil contempt and criminal contempt, it does not discuss any Sixth Circuit authority whatsoever, and it does not recognize the provisions and requirements of Fed. R. Crim. P. 42 concerning criminal contempt.

The distinction between civil and criminal contempt is not merely an academic one.  The United States Supreme Court has recognized that, "Although the procedural contours of the two forms of contempt are well-established, the distinguishing characteristics of civil versus criminal contempts are somewhat less clear."  *International Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821, 827 (1994).  The *Bagwell* Court also stated, "Numerous scholars have criticized as an unworkable the traditional distinction between civil and criminal contempt."  *Id.*

at n.3. If Plaintiffs seek to hold Defendant in contempt of court, the burden is upon them to explain their position in detail, with appropriate citations to controlling authorities from the Sixth Circuit Court of Appeals.[4]

Furthermore, the Brief refers to the fact that Defendant has treated the Court "with utter disregard and contempt," and suggests that the Court "can take judicial notice of Tangwall's deposition, where he repeatedly committed perjury." These acts, however, have nothing to do with the grounds underlying the Motion for contempt, namely that Defendant Tangwall violated a TRO.

Finally, the undersigned has recently submitted a Report and Recommendation recommending that a judgment in the amount of $2,421,783.02 be entered in favor of Plaintiffs against Defendant Tangwall. Docket No. 130. Part of the compensatory damages suggested in the Report and Recommendation is the amount that is the subject of the instant Motion. Thus, at least part of the relief sought in the instant Motion has already been recommended.

For all the foregoing reasons, the undersigned recommends that Plaintiffs' "Motion for Contempt Against Donald Tangwall" (Docket No. 118-1) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and

---

[4] Plaintiffs' supporting Brief does cite two decisions of the United States Supreme Court, but these cases are cited for extremely broad and general propositions and are not specific authority for holding Defendant Tangwall in contempt in the instant case.

Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. Clifton Knowles
United States Magistrate Judge