IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRADFORD L. HUEBNER, *et al.*,           )
                                          )
    Plaintiffs,                           )
                                          )
v.                                        )    Civil No. 3:04-0759
                                          )    Judge Trauger
DONALD A. TANGWALL, *et al*.,            )    Magistrate Judge Knowles
                                          )
    Defendants.                           )

## MEMORANDUM and ORDER

On July 11, 2006, the Magistrate Judge issued a Report and Recommendation, recommending an award of damages be paid to the plaintiffs by defendant Tangwall and recommending that a declaratory judgment be entered as to certain matters. (Docket No. 130) The plaintiffs have filed an objection (Docket No. 134), and defendant Tangwall has filed objections (Docket No. 136). This court must make a *de novo* determination as to the portions of the Report and Recommendation to which specific objection is made. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), FED. R. CIV. P.

The plaintiffs' objection simply requests that The Saratoga Trust be added to the list of entities on page 8 of the Report and Recommendation that would be declared void *ab initio* because of fraud on the part of defendant Tangwall. The Report and Recommendation states that: "Plaintiffs' Amended Complaint also sought a declaratory judgment, declaring the formation of certain entities to be void *ab initio* because of the fraud committed by Defendant in forming those entities." (Docket No. 130 at 8) The Report and Recommendation then lists only six entities, even though the First Amended Complaint requested, in addition those six entities, that The Saratoga Trust, The Tecopa Trust and The Pacific Rim Trust also be declared void *ab*

*initio* because of fraud. (Docket No. 56 at 10) It is not clear to this court why the Magistrate Judge limited the declaratory judgment to the six entities named, and it is not clear to this court why the plaintiffs seek only to add to that list The Saratoga Trust. However, because the objection related only to The Saratoga Trust, that is the only entity that will be added to the declaratory judgment list of entities that will be declared void *ab initio*. This objection is well-taken and will be sustained and the request granted.

This Report and Recommendation awarding damages and a declaratory judgment was entered after the Magistrate Judge conducted an evidentiary hearing on January 25, 2006, at which plaintiff Huebner appeared and testified, and defendant Tangwall did not appear. (Minute Entry for January 25, 2006) The Report and Recommendation, therefore, was based upon the filings previously received from both parties and the testimony of plaintiff Huebner at the hearing.

Defendant Tangwall's first objection is that he "was not noticed of the hearing." (Docket No. 136 at 1) The Order setting the hearing for January 25, 2006 (Docket No. 123), which was mailed by the Clerk to the same mailing address for defendant Tangwall as all other orders in this case, was returned "Unclaimed" after the hearing (Docket No. 127). However, it was then re-mailed to Mr. Tangwall by certified mail (Docket No. 127), and the postal records establish that this Order setting the hearing was received by defendant Tangwall on February 8, 2006 at 11:43 a.m. Admittedly, this was after the evidentiary hearing had been held, but it was months before the Report and Recommendation was issued on July 11, 2006, so defendant Tangwall had ample time after learning of the hearing to protest to the Magistrate Judge that he had not received notice of the hearing before it was held. This he did not do. The record establishes that

2

defendant Tangwall's statement in his objection document that he was "not noticed of the hearing" is misleading at best and a blatant falsehood at worst. Defendant Tangwall knew at the time that he chose not to pick up his mail that the plaintiffs had filed a Motion for Contempt (Docket No. 118), as evidenced by the fact that he filed a Response to this motion just a few weeks before the Magistrate Judge set it for a hearing (Docket No. 121). As has been amply demonstrated throughout this case, Mr. Tangwall receives notice of the things he wants to receive notice of when he wants to receive notice of them and otherwise disregards the judicial process. This court finds that defendant Tangwall had five months within which to bring to the Magistrate Judge's attention that he did not technically receive notice of the evidentiary hearing until after it had been held and to request relief. Because he did not do so, this objection is **OVERRULED**.

Defendant Tangwall next objects to the statement in the Report and Recommendation that the proceeds from the sale of the property in question belonged to plaintiff Huebner on the ground that the United States Bankruptcy Court in this district has ruled that the proceeds belong to the John Bell Hood Limited Partnership. Because the John Bell Hood Limited Partnership is one of the entities recommended to be found void *ab initio* by the Report and Recommendation, this is a distinction without a difference, and this objection is **OVERRULED**.

Defendant Tangwall next objects that the Report and Recommendation is in error by finding that he forged documents. This finding by the Magistrate Judge was based upon the testimony received at the evidentiary hearing. Defendant Tangwall had an opportunity to counter that testimony by requesting relief from the Magistrate Judge, but he chose not to do so. This objection, therefore, is **OVERRULED**.

3

Defendant Tangwall's next objection states that Mr. Huebner misled the Magistrate Judge by stating that he had filed bankruptcy, when, in fact, Tangwall alleges that only the John Bell Hood Limited Partnership and the Nathan Bedford Forest Limited Partnership had filed for bankruptcy relief.  The only proof submitted in the record by Tangwall as to these allegations is a Memorandum Opinion issued by United States Bankruptcy Judge Marian Harrison in an adversary proceeding in a Chapter 11 case filed by the John Bell Hood Limited Partnership in the United States Bankruptcy Court for the Middle District of Tennessee.  (Docket No. 121, Ex. A)  Whether this bankruptcy case is still pending and whether the Nathan Bedford Forest Limited Partnership has filed a bankruptcy case are not matters presented to the court on the present motion; however, given that all of the assets put into these limited partnership entities were the plaintiffs' assets and given that the Magistrate Judge has found the formation of these entities void *ab initio* because of Tangwall's fraud, this, too, is a distinction without a difference.  This objection, likewise, is **OVERRULED**.

For the reasons expressed herein, the plaintiffs' Objection (Docket No. 134) is **SUSTAINED**, and The Saratoga Trust shall be added to the list of entities listed in the Report and Recommendation (Docket No. 130 at 8) that will be found void *ab initio* for fraud.  Defendant Tangwall's Objections (Docket No. 136) are **OVERRULED**.  The Report and Recommendation (Docket No. 130) is **ACCEPTED** and made the findings of fact and conclusions of law of this court, with the exception of its recommendation as to the impropriety of this court's determinations under Rule 54(b), FED. R. CIV. P.  For the reasons expressed therein and herein, it is hereby **ORDERED** that plaintiff Bradford L. Huebner is awarded $801,745.37 in compensatory damages, $1,603,490.74 in punitive damages, and $16,547.51 in

previously-awarded sanctions against defendant Donald Tangwall, for which this court directs entry of judgment, there being no just reason for delay. Rule 54(b), FED. R. CIV. P.[1]

It is further **ORDERED** that the plaintiffs are granted a declaratory judgment that the formation of the following entities was procured by fraud committed by defendant Donald Tangwall, and these entities are declared void *ab initio*:[2]

1. Group Headquarters, Inc.
2. Nathan Bedford Forest Limited Partnership
3. John Bell Hood Limited Partnership
4. Long Street Limited Partnership
5. J.E.B. Stuart Limited Partnership
6. The Reserve L.L.C.
7. The Saratoga Trust

As to this declaratory judgment, the court, likewise, directs the entry of judgment, as there is no just reason for delay. Rule 54(b), FED. R. CIV.P.

It is so **ORDERED.**

Enter this 3rd day of August 2006.

_____
ALETA A. TRAUGER
United States District Judge

---

[1] The Magistrate Judge did not recommend that this court direct entry of judgment at this time, because the claims against Mr. Tangwall's co-defendants, Cheryl Murray and Tony Tangwall, have not yet been adjudicated. It is not clear that service has ever been made upon Tony Tangwall, and Cheryl Murray, so far as this court can determine, has never entered an appearance or filed a document on her own behalf in this case. Donald Tangwall is clearly the major defendant in this case, and the plaintiffs may well not pursue any further action against the other two defendants, having secured this judgment against Donald Tangwall.

[2] If any rulings by this court interfere in any meaningful way with bankruptcy proceedings that are pending, this court feels sure that the relevant parties will bring that to this court's attention

5