IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRADFORD L. HUEBNER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 3:04-0759 |
| | ) | Judge Trauger |
| DONALD A. TANGWALL, *et al.*, | ) | Magistrate Judge Knowles |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM and ORDER**

On July 12, 2006, the Magistrate Judge issued a Report and Recommendation, recommending that the plaintiffs' Motion for Contempt Against Donald Tangwall be denied. (Docket No. 131) The plaintiffs have filed timely objections (Docket No. 135), to which this court will give *de novo* consideration. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), FED. R. CIV. P.

First, the plaintiffs maintain that, because a default had been entered against defendant Tangwall, he is somehow "disabled" from responding to the Motion for Contempt and filing his own Motion to Quash Bank Records. This proposition is in error. The default was entered against defendant Tangwall for repeatedly failing to comply with discovery requirements. (Docket No. 116) The plaintiffs' Motion for Contempt sought, not only additional monetary sanctions from defendant Tangwall, but also his incarceration for criminal contempt. (Docket No. 117) This request for relief is wholly separate from the grounds upon which default was entered, and defendant Tangwall was entitled to defend himself against the Motion for Contempt.

Next, the plaintiffs claim that they clearly established 200 instances of Tangwall's contempt through bank records, to which no objection as to their authenticity was made "initially." (Docket No. 135 at 2) They urge the court to admit the records and base a finding of contempt upon them under Rule 807, FED. R. EVID., the "residual exception." First, it is not true

that no objection was made to the authenticity of these records.  Prior to the evidentiary hearing held by Magistrate Judge Knowles and within 30 days of the filing of the Motion for Contempt, to which the bank records were attached, defendant Tangwall coupled his Response to the Motion for Contempt with a Motion to Quash Bank Records.  (Docket No. 121)  Second, it appears from the Report and Recommendation that these bank records were in no way authenticated, either before the evidentiary hearing or at the evidentiary hearing.  The court, therefore, agrees with the Magistrate Judge that a finding of contempt based upon these unauthenticated records would be inappropriate.  The plaintiffs were awarded the $81,247.99 that they allege was contemptuously removed from bank accounts by defendant Tangwall as part of the award of damages made in the Report and Recommendation issued July 11, 2006 (*see* Docket No. 130 at 6 and Docket No. 131 at 6) and affirmed by this court in a separate memorandum and order being issued simultaneously herewith.

For the reasons expressed herein, the plaintiffs' Objections (Docket No. 135) are **OVERRULED**.  The Report and Recommendation (Docket No. 131) is **ACCEPTED** and made the findings of fact and conclusions of law of this court.  For the reasons expressed therein and herein, it is hereby **ORDERED** that the plaintiffs' Motion for Contempt (Docket No. 118) is **DENIED**.

It is so **ORDERED.**

Enter this 3rd day of August 2006.

ALETA A. TRAUGER

United States District Judge

2