# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRADFORD K. HUEBNER, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 3:04-0759** |
| | ) | **JUDGE TRAUGER/KNOWLES** |
| | ) | |
| **DONALD TANGWALL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Donald Tangwall's "Motion to Set Aside Judgment Per Rule 60." Docket No. 160-1. Judge Trauger has referred the Motion to the undersigned. Docket No. 170. Plaintiffs have filed a Response in Opposition to the Motion. Docket No. 164.

The instant Motion was filed August 6, 2007. The Motion seeks to set aside a "memorandum and order," that allegedly was entered " [o]n August 3, 2006." Defendant Tangwall has attached a copy of the "MEMORANDUM and ORDER" he seeks to set aside, and it was entered August 4, 2006, not August 3, 2006.

Rule 60 is entitled, "Relief From Judgment or Order." It contains two subparts: subpart (a) is headed "Clerical Mistakes" ; and subpart (b) is headed "Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc." Rule 60(b) provides in pertinent part as follows:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistakes, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule

59(b); (3) fraud (whether heretofore dominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.* A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation . . .

(Emphasis added.) While the Motion does not cite a specific subpart of the Rule, it seems apparent that the instant Motion is filed pursuant to Rule 60(b)(3), as it states in part, "this judgment entered by the Court August 3, 2006 [*sic*] needs to be set aside because of the fraud of Mr. Huebner." Docket No. 160-1, p. 3. The Motion also states, "This Motion is timely in that it is being filed within one (1) year of the date and memorandum and order [*sic*]." *Id.,* p. 1.

Defendant Tangwall's statement that the instant Motion was filed within one (1) year of the date of the Order it seeks to set aside, however, is simply not true. The instant Motion was filed August 6, 2007. The Order the instant Motion seeks to set aside was entered August 4, 2006. Thus, the instant Motion is untimely under Fed. R. Civ. P. 60(b)(3), and it should be DENIED.

The undersigned also feels compelled to note that Defendant Tangwall continues to make other outrageous and incredible misrepresentations to this Court.[1] In the instant Motion, Defendant Tangwall states as follows:

---

[1] The undersigned previously recommended that a default judgment be entered against Defendant Tangwall based in part upon the undersigned's conclusion that "Defendant Tangwall was willfully evasive and willfully testified falsely" during his deposition on February 23, 2005, which deposition was taken before the undersigned. Docket No. 98, p. 4.

2

8. Throughout the litigation of this case, Defendant Tangwall has lived and maintains his residence in Roundup, Montana. Two thousand miles away from the Courthouse making the defense of this action logistically impossible.

Docket No. 160-1, p. 2.

During his deposition on February 23, 2005, which obviously was during "the litigation of this case," Defendant Tangwall testified as follows:

Q. [BY MR. WARD] Okay. Where do you reside?

A. I reside in my motor home.

Q. Okay. Where do you reside in your motor home?

A. Right now the motor home is in Chadron, Nebraska.

Docket No. 85, Ex. B, (Deposition of Donald Tangwall taken February 23, 2005), p. 24.

Q. [BY MR. WARD] Where do you claim residency, Mr. Tangwall?

A. Where do I claim residency?

Q. Yes.

A. I'm not sure where my residency is right now. I am living in my motor home most of the time in Nebraska or Wyoming. Well, it's a question: my residency is in my motor home, but as far as . . .

Q. When you live in Nebraska, you live essentially on the premises of Trickle Down Trucking. Is that correct?

A. No, no. I live essentially in my motor home, and so I come in and out of there, and I go other places.

Q. When you live in Wyoming, where do you live?

A. Again, I'm on the road.

Q. Do you have a specific place in Wyoming that you stay?

A. No, I do not. No, I do not. I have a generator in my motor home,

3

and I travel and that's it.

Q.  What connection do you have to Wyoming?  Do you have friends? Do you have family?

A.  No, I don't.

Q.  Do you have any business there?

A. I just like Wyoming.  I like Jackson Hole.  I've been doing a lot of investigative work in Mr. Huebner's activities with people connected in Jackson Hole and that's where I'm at.

Q.  Okay.  Where have you lived the last three years?  You have not been living in a motor home for the last three years; is that correct?

A.  I bought that motor home in 2003.  I have spent some time with Cheryl Murray at her place in Maryville, Tennessee, in and out of there.  I spent an awful lot of time on the road working with Mr. Huebner.  I've been all over.

*Id.*, p. 165-67.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. Clifton Knowles
United States Magistrate Judge

4