IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRADFORD K. HUEBNER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 3:04-0759 |
| ) | JUDGE TRAUGER/KNOWLES |
| ) | |
| ) | |
| DONALD TANGWALL, et al., ) | |
| ) | |
| Defendants. ) | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

On August 23, 2007, the undersigned submitted a Report and Recommendation recommending that Defendant Donald Tangwall's Motion to Set Aside Judgment be denied as untimely. Docket No. 171. Unbeknownst to the undersigned, Defendant Tangwall had filed a Reply to Plaintiff's Response to that Motion, along with numerous supporting documents, on August 21, 2007. Docket Nos. 166, 167, 168, 169.

The only relevant point raised in Defendant's Reply is as follows: "The Motion is timely as it was mailed on August 3, 2007 per Federal Rules, service is complete upon mailing [*sic*]." Docket No. 166, p. 1. Because the basis of the undersigned's previous Report and Recommendation was that the Motion was not timely filed, the undersigned will address that argument in this Amended Report and Recommendation.

Although Defendant does not specifically cite it, Fed. R. Civ. P. 5(b)(2)(B) provides in pertinent part as follows:

> **(2)** Service under Rule 5(a) is made by:
>
> . . .
>
> **(B)** Mailing a copy to the last known address of the person served. Service by mail is complete on mailing.

Defendant Tangwall takes the position that his Motion was timely, because it sought to set aside a judgment entered August 4, 2006,[1] and because it was mailed on August 3, 2006.

The problem with Defendant Tangwall's argument is that the timely filing of a Motion to Set Aside under Rule 60(b) has nothing whatsoever to do with "service." The term "service," as it is used in Rule 5, means service of a document upon another party; it does not mean "filing" a document with the Court.

Rule 5(e) provides in relevant part as follows:

> **(e) Filing with the Court Defined.** The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk.

As the Sixth Circuit has stated:

> "Filing with the court" is defined as filing with the clerk of the court, or, if the judge permits, with the judge. *Fed. R. Civ. P. 5(e).* If mailed, the filing is accomplished only when actually received by the clerk or when placed in the clerk's post office box. . . . *Filings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline. . . .*

*Torras Herreria y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (emphasis added, citations omitted.)

---

[1] As discussed in the previous Report and Recommendation, while Defendant Tangwall argues that the judgment was entered August 3, 2006, it was actually entered August 4, 2006. Docket No. 138.

Defendant Tangwall's Motion to Set Aside was filed with the Court on August 6, 2007. Docket No. 160-1. Thus, the Motion was not filed within one year of the entry of the judgment it sought to set aside, and it was not timely under Fed. R. Civ. P. 60(b).[2]

Despite Defendant Tangwall's arguments, the undersigned continues to recommend that the "Motion to Set Aside Judgment Per Rule 60" (Docket No. 160-1) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. Clifton Knowles
United States Magistrate Judge

---

[2] Fed. R. Civ. P. 60(b) requires that a Motion to Set Aside a judgment on grounds of fraud be filed "within a reasonable time" and "not more than one year after the judgment, order, or proceeding was entered or taken." The one year time limit is in addition to, not in lieu of, the requirement that the Motion be filed within a reasonable time. **Moore's Federal Practice 3d** § 60.65[2][b], p. 60-202.2. Because the undersigned concluded that the Motion was not filed within one year of the judgment it sought to set aside, it was unnecessary for the undersigned to consider whether the Motion was filed "within a reasonable time." The Court notes, however, that the Sixth Circuit has previously held that a Rule 60(b) Motion filed eleven months after the entry of the Order it sought to set aside was not filed "within a reasonable time." *Days Inns Worldwide, Inc., v. Patel,* 445 F.3d 899, 905 (6th Cir. 2006).