IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRADFORD L. HUEBNER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 3:04-0759 |
| ) | Judge Trauger |
| DONALD A. TANGWALL, *et al.*, ) | Magistrate Judge Knowles |
| ) | |
| Defendants. ) | |

**MEMORANDUM and ORDER**

Pending before the court are defendant Tangwall's objections to the Report and Recommendation issued August 23, 2007 (Docket No. 171) and the Supplemental Report and Recommendation issued August 23, 2007 (Docket No. 173). (Docket No. 176)

This court must review *de novo* any portion of the Report and Recommendation and Supplemental Report and Recommendation to which a specific objection is made. Rule 72(b), FED. R. CIV. P.; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

The Magistrate Judge's Reports and Recommendations were rulings upon defendant Tangwall's Motion to Set Aside Judgment Per Rule 60. (Docket No. 160) Defendant Tangwall's motion was seeking to set aside an Order entered by this court on August 4, 2006[1] that, among other things, awarded plaintiff Bradford L. Huebner substantial compensatory and punitive damages, as well as monetary sanctions. (Docket No. 137) The Magistrate Judge recommended

---

[1] Defendant Tangwall's motion states that this Order was entered August 3, 2006, but, as pointed out by the Magistrate Judge, that was in error. The Order that is the subject of this motion was entered August 4, 2006.

1

that Tangwall's motion be denied as untimely under Rule 60(b)(3), in that it was filed more than one year after the order which it seeks to set aside. Defendant Tangwall's objection is **SUSTAINED** as to this ruling, in that he is correct that one year from August 4, 2006 would be August 4, 2007 and, pursuant to Rule 6(a)(3), FED. R. CIV. P., because August 4, 2007 fell on a Saturday, the deadline would be August 6, 2007. Tangwall's motion was filed on August 6, 2007, and therefore was technically timely under Rule 60(b). That is not the end of the story, however.

The Supplemental Report and Recommendation contains this footnote, to which defendant Tangwall did not file an objection:

> Fed. R. Civ. P. 60(b) requires that a Motion to Set Aside a judgment on grounds of fraud be filed "within a reasonable time" and "not more than one year after the judgment, order, or proceeding was entered or taken." The one year time limit is in addition to, not in lieu of, the requirement that the Motion be filed within a reasonable time. **Moore's Federal Practice 3d** § 60.65[2][b], p. 60-202.2. Because the undersigned concluded that the Motion was not filed within one year of the judgment it sought to set aside, it was unnecessary for the undersigned to consider whether the Motion was filed "within a reasonable time." The Court notes, however, that the Sixth Circuit has previously held that a Rule 60(b) Motion filed eleven months after the entry of the Order it sought to set aside was not filed "within a reasonable time." *Days Inns Worldwide, Inc., v. Patel,* 445 F.3d 899, 905 (6th Cir. 2006).

(Docket No. 173 at 3) Although the Magistrate Judge did not specifically find that Tangwall's motion was not filed within a reasonable time, this court makes that explicit finding.

The *Days Inns Worldwide* case is instructive here. It states that "[w]hat constitutes a reasonable time depends on the facts of each case." *(Id.* at 906) In determining what is reasonable in any particular case, the movant's explanation for the delay (the court here describes eleven (11) months as "extreme") is a relevant inquiry, as is the reason for the movant's failure to file a direct appeal from the order which he now seeks to set aside. *(Id.)*

2

Here, neither in the Rule 60 motion nor in Tangwall's objections does he give any explanation for delaying an entire year before filing a motion to set aside an order awarding damages approaching $3 million; nor does he give any explanation for why he failed to appeal that Order.[2]

For the reasons expressed herein, the Report and Recommendation and Supplemental Report and Recommendation entered August 23, 2007 (Docket Nos. 171, 173) are **MODIFIED** to reflect the alternative holding that defendant Tangwall's Motion to Set Aside Judgment Per Rule 60 (Docket No. 160) is **DENIED AS UNTIMELY**, in that it was not brought within a reasonable period of time under Rule 60(b), FED. R. CIV. P.

It is so **ORDERED.**

Enter this 17th day of September 2007.

ALETA A. TRAUGER
United States District Judge

---

[2] Tangwall did appeal this court's August 23, 2006 Order that denied reconsideration of an Order denying Tangwall's motion to dismiss based upon lack of diversity jurisdiction (Docket No. 142). (Docket No. 143) In the Sixth Circuit's ruling on that appeal, it is very clear that Tangwall addressed his appeal only to the jurisdictional issue, not to the judgment that awarded damages. (Docket No. 159 at 3)

3